UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICOLE J. MURPHY,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JOHN COWAN,  )<br>  )<br>    Defendant.  ) | Cause No. 1:23-CV-306-HAB |

**OPINION AND ORDER**

Plaintiff Nicole J. Murphy has filed a pro se Civil Complaint (ECF No. 1) and Motion to Proceed in Forma Pauperis (ECF No. 2).[1]

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1); *cf.* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2021). Though this is not a Bankruptcy case, the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x

---

[1] This case was originally erroneously filed in the Southern District of Indiana and transferred to this Court on July 18, 2023. (ECF No. 7).

782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902. A review of Plaintiff's in forma pauperis petition shows that he meets the financial requirement to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Although it is not a model of clarity, Plaintiff's Complaint invokes 42 U.S.C. §1983 and alleges that the Defendant, John Cowan, violated her right to due process of law in state court proceedings. Specifically, she alleges:

> John Cowan failed to afford me the opportunity to be heard under Indiana Constitution Article 1 Section 12, as well as violating the Fourteenth Amendment under the United States Constitution for failing to complete due course of law, dealing with my petition to modify parenting time without an agreement…
>
> I went to a scheduled hearing for a petition to modify parenting time without an agreement, which was on Dec. 2. 2022. As my time arrives to enter court John Cowan comes out from the courtroom and tells me that since the respondent did not show we will not be having court and he will schedule another court date, which was never scheduled and told me since they did not have a service address for my son's father I should hire an attorney if I want anything further done.

(Compl. at 4).

These allegations are problematic for a few reasons. First, it is unclear to the Court whether there is an ongoing case in state court related to custody and parenting time. If there is, this Court must abstain from interfering in that process. If there is no ongoing state court process, to the extent that Plaintiff is using 42 U.S.C. §1983 as the basis of her suit, she must allege that the Defendant acted under color of law while violating her constitutional rights. She has not done so; nor has she identified what role the Defendant had in her state court proceeding. Accordingly, the Court:

- DIRECTS the CLERK to mail a Civil Complaint Form with the above-captioned case number to the Plaintiff;

- Plaintiff is granted until September 1, 2023, to return a properly completed Civil Complaint Form to the Clerk. Plaintiff should identify the individuals that were personally involved in the deprivations she alleges in her complaint and specify the "who, what, when and where" of the events she asserts as the basis for his claim;

- The Motion to Proceed In Forma Pauperis (ECF No. 2) REMAINS UNDER ADVISEMENT;

- Failure of the Plaintiff to return the Complaint Form to the Clerk as directed will result in DISMISSAL of his case without further notice.

SO ORDERED on August 1, 2023.

      s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT